UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID D. JOHNSON,

        Petitioner,

v.                                         Case No. 24-cv-842-pp

BARRY J. BOLINE,

        Respondent.

**ORDER SCREENING PETITION FOR WRIT OF *HABEAS CORPUS* AND DISMISSING CASE**

On July 8, 2024, the petitioner—representing himself—filed a document with the clerk's office for the U.S. District Court for the Eastern District of Wisconsin. None of the Eastern District's (or national federal courts') official forms were used to prepare the document. At the top of the first page of the document, the following words appear: "STATE OF WISCONSIN CIRCUIT COURT FAMILY COURT BRANCH OZAUKEE COUNTY." Dkt. No. 1 at 1. The caption lists the parties as "STATE OF WISCONSIN vs. DAVID D JOHNSON Petitioner, Accused vs. BARRY J BOLINE Respondent." Id. In the caption, the petitioner describes the case as follows:

> PETITION FOR NON-STATUTORY WRIT OF HABEAS CORPUS TO REMEDY A JUDGMENT NOT BY PEERS MADE IN VIOLATION OF DUE COURSE OF LAW OF THE LAND TAKE JUDICIAL NOTICE OF EVIDENCE OF AN ADJUDICATED FACT MURRAY'S LESSEE V. HOBOKEN LAND & IMPROVEMENT CO., 59 US 272 - Supreme Court 1856 RELIEF FROM JUDGMENT FEDERAL RULE 60(B)(3) OR STATE STATUTE EQUIVALENT

1

Id. (capitalization in original) (citing Den *ex dem*. Murray v. Hoboken Land & Imp. Co., 59 U.S. 272 (1855)). The title of the document is "PETITION FOR NON-STATUTORY WRIT OF HABEAS CORPUS TO REMEDY A JUDGMENT NOT BY PEERS MADE IN VIOLATION OF DUE COURSE OF LAW OF THE LAND TAKE JUDICIAL NOTICE OF EVIDENCE OF AN ADJUDICATED FACT MURRAY'S LESSEE V. HOBOKEN LAND & IMPROVEMENT CO., 59 US 272 – SUPREME COURT 1856." Id.

The body of the petition seeks "relief from judgment" under Federal Rule of Civil Procedure 60(b)(3) "OR STATE STATUE EQUIVALENT." Id. at 2. The petition asserts that the petitioner was "wrongfully accused" in an Ozaukee County Circuit Court paternity case. Id. at 1-2 (citing In Re the Paternity of D.M.J., Ozaukee County Circuit Court Case No. 2013PA013PJ (publicly available at https://wcca.wicourts.gov)). It states that the petitioner is "a citizen of this state presenting a petition invoking right to *habeas corpus* secured by Wisconsin Constitution Article 1 Section 8 Clause (4)[.]" Id. at 2. The petition asks this federal court to "[t]ake judicial notice of an adjudicated fact by the Supreme Court Meyer v. Nebraska, 262 US 390 - Supreme Court 1923 that writ of habeas corpus may be invoked if the petitioner is free from bodily restraint[.]" Id. (citing Meyer v. Nebraska, 262 U.S. 390, 399 (1923)). He asserts that "the court is prohibited from dismissing this petition on the grounds the petitioner is not a prisoner or jailed." Id.

The petition asserts that this federal court has jurisdiction under "Wisconsin Constitution Article 1 Section 8 Clause (4)." Id. at 3. It asserts that

2

the Wisconsin constitution grants various rights to a person accused in a criminal prosecution. Id. at 4. It maintains that the state-court-issued child support order was made "in violation of due process under federal rule 60(b)(3) or under Wisconsin statute equivalent." Id. at 6.

The petition does not contain a traditional "prayer for relief," and it does not state directly what the petitioner is asking this federal court to do. After describing the various "Rights of accused" afforded "[i]n all criminal prosecutions" under the Wisconsin constitution, the petition asserts that "any judgment not by peers for child support is a *lawless action* in violation of due course of law of the land." Id. at 5 (emphasis added). It states:

> It is a fact, the evidence marked as exhibit# 1 [2013PA013PJ] is proof the petitioner has been deprived of his liberty and property by a judgment not by peers made in violation of due course of the law of the land and thereby this court is required by duty *to issue a writ of habeas corpus to void the evidence*, a judgment not by peers claimed child support order.

Id. (Emphasis added). The petitioner contends he "has the right under the Wisconsin constitution to file a writ of habeas corpus and is not required to file an appeal or order to show cause because a writ of habeas corpus takes precedence over the *procedural orderliness and conformity*." Id. at 5-6 (emphasis in original). He says that "[t]he facts will prove the judgment not by peers is a violation of due process unless there is evidence of a waiver of trial by jury[.]" Id. at 6. The petitioner contends that "a state judge is required by precedence to respect and protect people from violations of state and federal constitutional rights and this includes voiding a support order made in

3

violation of due process under federal rule 60(b)(3) or under Wisconsin statute equivalent." Id.

## I. Legal Standards

### A. Jurisdiction

The petitioner filed his pleading in *federal* court. "Federal courts are courts of limited jurisdiction." Qin v. Deslongchamps, 31 F.4th 576, 582 (7th Cir. 2022) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Because federal courts possess limited jurisdiction, and '[j]urisdiction is the power to declare law,' the first step in any federal lawsuit is ensuring the district court possess authority to adjudicate the dispute—in short, that it has jurisdiction over the subject matter." Boim v. Am. Muslims for Palestine, 9 F.4th 545, 550 (7th Cir. 2021) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). A federal court's jurisdiction comes from the United States Constitution and from acts of the United States Congress. Id. (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005)).

There are three federal statutes that govern *habeas corpus*: 28 U.S.C. §§2241, 2254 and 2255. Section 2241 allows a district court to grant a petition for a writ of *habeas corpus* "to a prisoner" who either is in custody under or by color of the authority of the United States (or facing trial in a United States court), is in custody for an act done or omitted in violation of federal law or a federal court order, is in custody in violation of the Constitution or laws or treaties of the United States, is a citizen of a foreign state in custody for acts committed under certain foreign laws or is in custody because custody is

necessary to bring him to court. Section 2254 allows a district court to entertain a writ of *habeas corpus* filed by a person in custody as the result of a *state court* order who argues that he is in custody in violation of the Constitution or laws of the United States. Section 2255 allows a federal court to entertain a motion to vacate, set aside or correct a sentence imposed by a *federal court* which the petitioner believes to be in violation of the Constitution or laws of the United States. See Reese v. Wisconsin DOC-SORP, Case No. 22-cv-502, 2022 WL 16552944, at *3 (E.D. Wis. Oct. 31, 2022) (describing the differences between the three main federal *habeas corpus* statutes).

    B.    Rooker-Feldman Doctrine

A federal district court is barred "from hearing cases brought by state-court losers who complain of injuries caused by state-court judgments." Hendrix v. Garcia, Case No. 23-1980, 2024 WL 1104777, at *1 (7th Cir. Mar. 14, 2024) (citing Exon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005)). This rule is commonly known as the "Rooker-Feldman doctrine," after Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923) and D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine is jurisdictional—it "provides that lower federal courts do not have subject matter jurisdiction to review state court civil decisions." Edwards v. Ill. Bd. of Admissions to the Bar, 261 F.3d 723, 728 (7th Cir. 2011) (citing Young v. Murphy, 90 F.3d 1225, 1230 (7th Cir. 1996)). "Plaintiffs must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari." Id.

5

C. <u>Federal *Habeas Corpus* Law</u>

The petition appears to ask this federal court to issue a writ of *habeas corpus* "voiding" a state court judgment on the ground that that judgment "is a violation of due process." Dkt. No. 1 at 5-6. To the extent that this claim resembles any claim cognizable under any of the three federal *habeas corpus* statutes, it vaguely resembles a claim under 28 U.S.C. §2254—the federal *habeas* statute that allows "a person in custody pursuant to the judgment of a State court" to file a *habeas* petition to challenge the judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

A federal court must "screen" a *habeas* petition before allowing it to proceed. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

A federal court has jurisdiction "to entertain petitions for a writ of *habeas corpus* . . . where the individual seeking the writ is 'in custody.'" Virsnieks v. Smith, 521 F.3d 707, 717 (7th Cir. 2008) (citing 28 U.S.C. §§2241(c), 2254(a)); see also Maleng v. Cook, 490 U.S. 488, 490 (1989) (holding that the custody requirement is jurisdictional). This "in custody" requirement stems both from the language of the federal *habeas corpus* statutes and the "history of the great writ." Carafas v. LaVallee, 391 U.S. 234, 238 (1968); see also 28 U.S.C. §§2241, 2254, 2255. The Supreme Court has explained that

> [i]t is clear, not only from the language of [the federal habeas corpus statutes], but also from the common-law history of the writ, that *the essence of habeas corpus is an attack by a person in custody upon the legality of that custody*, and that *the traditional function of the writ is to secure release from illegal custody*.

Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (emphasis added). Over time, the Supreme Court has broadened the definition of "in custody" to include more than physical confinement in a jail or prison; it has held, for example, that a person on parole remains "'in custody' under his unexpired sentence." Maleng, 490 U.S. at 491. But the Supreme Court "ha[s] never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Id. (emphasis in the original). "[H]abeas petitioners must establish that they are subject to conditions that 'significantly restrain . . . [their] liberty.'" Virsnieks, 521 F.3d at 717-18 (quoting Jones v. Cunningham, 371 U.S. 236, 243 (1963)); see also Stanbridge v. Scott, 791 F.3d 715, 719 (7th Cir. 2015) ("a habeas petitioner is not 'in custody' pursuant to a particular conviction unless his

7

physical liberty of movement is limited in a non-negligible way, and that limitation is a *direct* consequence of the challenged conviction" (emphasis in original)).

D. Fed. R. Civ. P. 60(b)

Federal Rule of Civil Procedure 60 allows a federal court to correct errors in its own judgments. Rule 60(b) lists several grounds that allow a federal judge to relieve a party of the terms of an order that federal judge issued—mistake, inadvertence or excusable neglect; newly-discovered evidence; fraud; the judgment is void; the judgment has been satisfied. The rule is part of the *Federal* Rules of Civil Procedure; it applies to judgments issued by *federal* judges in *federal* courts.

**II. Analysis**

A. Failure to Follow Local Rules

The court mentioned that the pleading the petitioner filed is not on any of the Eastern District's or national federal courts' official forms. Civil Local Rule 9(a) (E.D. Wis.) requires that anyone filing a *habeas* petition under §§2241, 2254 or 2255 must use the court's available form to do so.

B. Jurisdiction

The petition states no basis for this *federal* court's exercise of jurisdiction. The court has explained that the first page lists at the top the Ozaukee County Circuit Court, family law branch. That is a *state* court. The petition cites Article 1 Section 8 Clause 4 of the *Wisconsin* constitution (the

8

Wisconsin constitution's version of the Suspension Clause)[1] as the basis for this federal court's jurisdiction. This *federal* court does not derive its jurisdiction from the *Wisconsin* constitution. The petitioner repeatedly uses the words "*habeas corpus*," but has not cited any of the three federal statutes that authorize a petitioner to seek *habeas* relief.

The only possible basis this federal court might have for exercising federal jurisdiction is a single sentence on page six, where the petition asserts that the state-court child support order was "made *in violation of due process* under federal rule 60(b)(3) or under Wisconsin statute equivalent." Dkt. No. 1 at 5. Rule 60(b)(3) does not apply—that rule allows a *federal* court to relieve a *federal* litigant of an order issued by that *federal* court if the order was the result of fraud, misrepresentation or misconduct by an opposing party. The petitioner is challenging a *state* order issued by a *state* judge. But the petitioner's allegation that the state-court child support order violated "due process" could be a reference to the Due Process Clause of the Fourteenth

---

[1] Article I, Section 9, Clause 2 of the United States Constitution states that "[t]he Privileges of the Writ of Habeas Corpus shall not be suspended unless when in Cases of Rebellion or Invasion the public Safety may require it." The United States Supreme Court has held that this clause—commonly called the "Suspension Clause"—"at a minimum, 'protects the writ as it existed in 1789,' when the Constitution was adopted." Dep't of Homeland Security v. Thuraissigiam, 591 U.S. 103, 116 (2020) (quoting INS v. St. Cyr, 533 U.S. 289, 301 (2001)). There is dispute over whether the Suspension Clause "independently guarantees the availability of the writ or simply restricts the temporary holding of its operation." Id. at 116 n.12. Regardless, for the purposes of determining this court's jurisdiction, there is no evidence that in 1789, common law allowed the issuance of a writ of *habeas corpus* to void a state-court child support order.

9

Amendment of the *United States* Constitution. Federal courts *do* have jurisdiction over lawsuits that allege violations of the *United States* Constitution.

But even if the petitioner intended to "sue" in federal court on a claim that the state-court child support order violated his *federal* Fourteenth Amendment due process rights, this court does not have jurisdiction over that claim because of the Rooker-Feldman doctrine. The petitioner asserts that the order in "2013PA013PJ"—which he says is marked as "exhibit #1"—violates due process. Dkt. No. 1 at 5. There was no "exhibit #1" attached to the petition, so the court cannot be sure which order the petitioner meant to reference. But a review of the publicly-available docket for In re the Paternity of D.M.J., Case No. 2013PA000013PJ (Ozaukee County Circuit Court) shows that on April 19, 2024—about two months before the petitioner appears to have signed the petition—Commissioner Barry J. Boline (the respondent in this federal proceeding) issued an order to show cause. If, as the court suspects, the petitioner filed this federal proceeding to get this court to reverse, or deem void, any of Commissioner Boline's orders, that is exactly the kind of suit over which the Rooker-Feldman doctrine states this federal court does not have subject-matter jurisdiction.

To the extent the petitioner is challenging the Ozaukee County Circuit Court's any ruling that may result from Commissioner Boline's show-cause order, this federal court does not have jurisdiction. A federal court does not have jurisdiction over "pendent" *habeas* challenges—challenges filed when the

person is not yet, but potentially may become, "in custody." See Virsnieks, 521 F.3d at 721 ("The plain language of [§2254(a)] therefore commands that courts entertain habeas petitions 'only' on the ground that a prisoner is 'in custody,' and, by linking a court's ability to entertain a habeas petition to the particular relief sought, the language of the statute prevents consideration of pendent challenges."). More fundamentally, federal courts generally are obligated to abstain from interfering with ongoing state-court proceedings. See FreeEats.com, Inc. v. Indiana, 502 F.3d 590, 595 (7th Cir. 2007) ("Younger generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." (citing Younger v. Harris, 401 U.S. 37, 43-44 (1971))). This court cannot interfere with the Ozaukee County case simply because its contempt proceedings *may* result in the petitioner being "in custody."

The petitioner may be trying to avoid these jurisdictional problems by calling his pleading a "non-statutory" *habeas* petition. But a litigant "cannot avoid the . . . rules [of federal habeas statutes] by inventive captioning." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). A petitioner can "[c]all it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; *the name makes no difference*. It is the substance that controls." Id. (emphasis added).

11

One of the federal *habeas* rules that a litigant cannot avoid by creatively captioning his pleading is the rule that a federal court does not have jurisdiction over a *habeas* proceeding if the petitioner is not "in custody." See Maleng, 490 U.S. at 490. The petitioner described several "Rights of accused" listed in the Wisconsin constitution and afforded "[i]n all criminal prosecutions." Dkt. No. 1 at 5. But he is not challenging a sentence or restriction imposed on him through a criminal prosecution. He challenges the validity of a civil, state-court child support order. Dkt. No. 1 at 4-5. The petition does not assert that the petitioner has been physically confined or that he has experienced any other restriction to his physical liberty because of the child support order.[2] The only "restraint on his liberty" the petitioner has alleged is his obligation to pay child support under the Ozaukee County judgment. A monetary obligation in a paternity case does not render a person "in custody" status necessary for this court to have jurisdiction over a *habeas* petition—especially when considering that a prisoner cannot challenge the monetary obligations imposed in their sentencing through a *habeas* petition. See Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009) ("a § 2254 petition attacking a criminal judgment entered by a state court is unavailable to challenge a restitution order imposed as part of a criminal sentence").

---

[2] The petitioner cited Meyer v. Nebraska, 262 U.S. 390 (1923) in support of his arguments, but that case involved a petitioner who had been *criminally* convicted under a law the Supreme Court found to be invalid as applied to the petitioner.

Because this federal court does not have subject-matter jurisdiction over the petitioner's claims, it cannot adjudicate those claims and must dismiss the petition and the case.

C. Futility of Amendment

Ordinarily the court would give a petitioner an opportunity to amend his petition, but the court may deny leave to amend where the proposed amendment would be futile. Gandhi v. Sitara Capital Management, 721 F.3d 865, 868-869 (7th Cir. 2013). Because this court does not have jurisdiction to grant the relief the petitioner seeks, any amendment would be futile.

**III. Conclusion**

The court **DISMISSES WITHOUT PREJUDICE** the petition for writ of *habeas corpus*. Dkt. No. 1.

The court **DECLINES** to allow the petitioner to amend the petition, because to do so would be futile.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 17th day of July, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**